UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Kingvision Pay-Per-View Ltd.,

       Plaintiff,                            CV-02-0786 (CPS)

              - against -     MEMORANDUM
                                     OPINION AND ORDER

La Aroma Del Café, Inc. et al. ,

       Defendant.
-----------------------------------------X

SIFTON, Senior Judge.

       Plaintiff, Kingvision Pay-Per-View, brings this motion for reconsideration of this Court's dismissal of his prior claims on the grounds of failure to prosecute. Defendants, La Aroma Corp., La Aroma Dei Caffe Inc., and Marcela Aluzzo, (collectively "defendants") oppose this motion on Federal Rule of Civil Procedure 60(b) grounds. For the reasons set forth below the plaintiff's motion for reconsideration is denied.

                            BACKGROUND

       The following facts are taken from the complaint, the parties submissions in connection with this motion and the Court's orders as entered on the docket. They are undisputed except where noted.

       Kingvision Pay-Per-View, filed a complaint against La Aroma Corp., La Aroma Dei Caffe Inc., and Marcella Aluzzo in

February of 2002, alleging violations of 47 U.S.C §605 and 47 U.S.C §553. Kingvision alleges that it had rights to broadcast a 1999 boxing match and that it entered into licensing agreements with various theaters, bars, restaurants etc. to show this fight. Kingvision further alleges that defendants decoded the scrambled transmission and showed the fight without Kingvision's permission thus violating the statutory provisions mentioned above.

An affidavit of service filed with the Court indicates that Marcella Aluzzo was served on February 26, 2002. However, Defendant Aluzzo denies that she was served. The docket reflects no service upon the other defendants [La Aroma Corp. and La Aroma Dei Caffe Inc.] and both corporate defendants deny receiving any process.[1] No answer was ever filed in the case.

By Order dated June 19, 2002 Magistrate Judge Gold directed the Plaintiff to move for entry of a default judgment and warned plaintiff that failure to do so would result in a recommendation that the case be dismissed for failure to prosecute. Plaintiff did not seek a default judgment nor did he respond in any way to Magistrate Judge Gold's order. On April 22, 2003 Magistrate Gold issued a Report and Recommendation stating that the case should be dismissed for failure to prosecute and directing that any objection be filed within ten days of the Report's receipt. No objection was filed. By Order dated March 29, 2004 I adopted Magistrate Judge Gold's Report and

---

[1] Plaintiff now asserts, by papers filed in 2005, that all defendants were served and submits, for the first time, affidavits of service for La Aroma Corp. and La Aroma Dei Caffe Inc.

Recommendation and dismissed the plaintiff's claim for failure to prosecute.

On May 10, 2005 plaintiff's attorney, Morse Geller, filed a motion for reconsideration stating that plaintiff's failure to move for a default judgment was a result of what he characterizes as a "good faith error" the case file being unintentionally "swapped" with a case that was marked closed, with the result that all materials pertaining to this case were filed in the closed case file and no notice was taken of the impending dismissal. Further, Mr. Geller states that beginning in the late spring of 2003 he began to suffer from what was later diagnosed as "Demylinating Syndrome," a condition he explains causes fatigue and occasionally severe pain and cannot be treated. Mr. Geller says he began to recover only in September of 2004.

DISCUSSION

Plaintiff's motion does not state the rule under which he brings his motion for reconsideration. Such motions may be brought under Local Rule 6.3 or Federal Rule of Civil Procedure 60(b). Defendants' response assumes that the motion was brought under Federal Rule of Civil Procedure Rule 60(b).

<u>Local Civil Rule 6.3</u>

Local Rule 6.3 provides that, "A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of

the court's determination of the original motion, or, in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." Since my determination of the original motion was issued on March 23, 2004 and the motion for reconsideration was first filed on May 10, 2005, far more than ten days after the decision, relief is clearly unavailable under Local Rule 6.3.

Federal Rules of Civil Procedure Rule 60(b)

Plaintiff does not specify under which provision of 60(b) he brings his motion. Two provisions might apply. First, a party may move for reconsideration of an order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff's counsel argues that the combination of a filing error and his illness constitute a "good faith error." However, a motion under this provision must be brought "within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). As discussed above, plaintiff brought this motion on May 10, 2005, more than fourteen months after my March 23, 2004 order. Accordingly, a motion under 60(b)(1) is time barred. *See e.g.*, *Costa v. Chapkins*, 316 F.2d 541 (2d Cir. 1963)(holding that plaintiff's motion for reconsideration of the dismissal of their claim under Rule 60(b) was untimely when brought 16 months after the trial court's order dismissing the case).

A party may also move for reconsideration for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6).

However, where "the reasons offered for relief from judgment can be considered in one or more of the specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *U.S. v. International Broth. of Teamsters*, 247 F.3d 370, 391-392 (2d Cir. 2001); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). Since plaintiff's reasons justifying relief could have been brought under 60(b)(1), they cannot be brought under 60(b)(6). The justifications cannot be recharacterized merely to avoid the one year time limit applicable to 60(b)(1).

Moreover, even if plaintiff's motion for reconsideration was not time barred, plaintiff's counsel cannot show that his failure to prosecute the case is excused by mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Although a court may consider counsel's illness, regardless of its seriousness, illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1). *Andree v. Center for Alternative Sentencing and Employment Services, Inc., et al.*, 1993 WL 362394, at 2-3 (S.D.N.Y. 1993). Furthermore, even if plaintiff's counsel's illness could qualify as excusable neglect, in the present case, Mr. Geller was ill, at most, only until September of 2004. Thus, his illness cannot justify his failure to prosecute the case between September 2004, when he recovered, and May 2005 when the motion for reconsideration was filed.

Mr. Geller argues that he failed to prosecute the case during this second period because a "filing error" caused the paperwork for this case to be put in a case file marked "closed." However, merely misplacing papers does not qualify as excusable neglect. *Standard Newspapers Inc. v. King,* 375 F.2d 115 (2d Cir. 1967)(misplacing papers in the excitement of moving offices not excusable neglect); *see also*, *In re Cendant Corp. Prides Litigation*, 157 F.Supp.2d 376 (D.C.N.J.2001)(loss of papers because of inadequate internal mail distribution system not excusable neglect). Thus, Mr. Geller also cannot justify his failure to prosecute during this second period.

CONCLUSION

For the reasons set forth above plaintiff's motion for reconsideration is denied.

The Clerk is directed to furnish a copy of the within to all parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York

　　　　　March 27, 2006


　　　　　　　By: /s/ Charles P. Sifton (electronically signed)
　　　　　　　　　United States District Judge